William Skinner SBN 257139
Attorney at Law
3551 Camino Mira Costa Ste D
San Clemente, CA 92672
Tel: (800) 659-5937
Fax: (844) 660-4041
Will@SkinnerEsq.com

Eric J. Menhart (*Admitted Pro Hac Vice*)
Lexero Law
316 F St NE, Suite 101
Washington, DC 20002
Office: (855) 453-9376
Fax: (855) 453-9376
Eric.Menhart@Lexero.com

Attorneys for Plaintiff Spy Dialer, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA—EASTERN DIVISION

| | |
|---|---|
| SPY DIALER, INC.<br><br>                Plaintiff<br><br>v.<br><br>REYA LLC, et al.<br>                Defendants | Case No. 5:18-CV-1178-FMO-SHK<br><br>**MOTION TO CONSOLIDATE** |

## I. INTRODUCTION

Plaintiff Spy Dialer, Inc. ("Spy Dialer") hereby moves this Court to consolidate the above-captioned action with *Reya LLC v. Spy Dialer, Inc.*, 5:18-cv-01580-FMO-SHK, already pending in this court, and already assigned to Judge Olguin. Because the two actions involve identical parties and virtually identical issues of law and fact, consolidation of these actions is necessary to promote justice and to avoid unnecessary cost and delay.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On November 22, 2017, Spy Dialer, Inc. filed a Complaint against Reya LLC ("Reya") in the United States District Court for the Eastern District of Virginia. The matter was eventually dismissed against Reya LLC for lack of personal jurisdiction, in late March of 2018, but moved forward as to other John Doe defendants.

On March 22, 2018, and prior to having been dismissed in the Virginia action, Reya LLC[1] filed a Complaint against Spy Dialer in the Superior Court of the State of California seeking declaratory relief as to two issues: (1) the domain name spydialer.org; and (2) the placement of Reya's advertisements on Spy Dialer's spydialer.com website. This duplicative filing was a ham-handed attempt to foreclose Spy Dialer's federal causes of actions and otherwise create procedural barriers to the re-filing of Spy Dialer's federal Complaint, which Reya's counsel already knew would be refiled by Plaintiff.

On May 31, 2018, Spy Dialer, Inc. refiled the substance of its case against Reya LLC, captioned *Spy Dialer, Inc. v. Reya LLC*, United States District Court

---

[1] Reya LLC was represented by different counsel at the time.

1   Case No. 5:18-CV-1178, which is this current action. The Complaint in this action

2   asserted numerous federal statutory claims that are properly resolved by a federal

3   court. The facts and circumstances at issue in Spy Dialer's Complaint are virtually

4   identical to those in Reya's removed state court action.

5   **III. APPLICABLE LAW**

6        This Court has recently recognized Fed. R. Civ. P. 1's mandate "to secure

7   the just, speedy, and inexpensive determination of every action[,]." *See* Dkt. #24.

8   Moreover, Rule 42 (a) of the Federal Rules of Civil Procedure provides that "[i]f

9   actions before the court involve a common question of law or fact, the court may:

10  (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate

11  the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed.

12  R. Civ. P. 42(a).

13       This Court has broad discretion under this rule to consolidate cases within

14  this district. *Investors Research Co. v. U.S. District Court for Cent. Dist.*, 877 F.2d

15  777 (9th Cir. 1989); *Perez-Funez v. Dist. Director, Immigration & Naturalization

16  Serv.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) ["A court has broad discretion in

17  deciding whether or not to grant a motion for consolidation, although, typically,

18  consolidation is favored."] (citations omitted).

19  **IV. ARGUMENT**

20       The Ninth Circuit has explained that consolidation is favored, generally, and

21  consolidation is plainly appropriate in this case. First, the parties in the removed

22  state action and in this instant federal action are identical. Spy Dialer and Reya are

23  the only named parties in both actions.

24

25

1    Second, the claims alleged in the removed state action and instant federal

2    action are virtually identical and are based on a common nucleus of facts. As such,

3    the two actions will almost certainly require much, if not all, of the same evidence.

4    Third, the federal claims alleged in this action brought by Spy Dialer require

5    that the case remain in federal court. Namely, this case alleges federal causes of

6    action including the Computer Fraud and Abuse Act, the Electronic

7    Communications Privacy Act, and the Lanham Act. *See* First Amended Complaint.

8    Resolution of these federal causes of action is properly before this court.

9    Fourth, the state court action appears to have been filed solely as a nuisance

10   to Spy Dialer, in response to Spy Dialer's original Virginia action. This action

11   serves no purpose other than to force Spy Dialer to incur unnecessary expenses by

12   simultaneously litigating two virtually identical cases in two separate courts.

13   Indeed, during the August 3, 2018 meet and confer conversation, Reya's counsel

14   could not identify *any* reason for the maintenance of the now removed state court

15   action, given the known federal causes of action and this existing, actively

16   litigated, instant case.

17   Fifth, there is no viable reason to maintain the state court action.

18   Convenience clearly weighs in favor of the Court consolidating the two cases, to

19   avoid duplicative filings, discovery, and costs. Failing to do so would only add

20   unnecessarily to the costs incurred by both parties and would slow down resolution

21   of the relevant issues. Furthermore, neither party would be prejudiced by

22   consolidation because of the predominance of common issues of law and fact.

23   Sixth, and perhaps most importantly, judicial efficiency demands

24   consolidation. This Court has held that "[c]onsolidation is proper when it serves

25

4

1   the purposes of judicial economy and convenience." *Bower v. Wright Med. Tech.*

2   *Inc.*, 2018 U.S. Dist. LEXIS 1742, at *6 (C.D. Cal. Jan. 3, 2018). Consolidating the

3   two present actions would avoid the possibility of inconsistent findings and would

4   promote judicial efficiency by avoiding the administrative burden of two separate

5   courts considering two identical cases at almost the exact same time. There is little

6   need to burden two different courts, and judges, with the same lawsuit.

7   **V. CONCLUSION**

8   For the reasons discussed above, Spy Dialer requests this Court grant its

9   motion to consolidate this action with the action brought by Reya, consistent with

10  the contemporaneously filed proposed order.

11

12  Respectfully submitted,

13  /s/ Eric J. Menhart
    Eric J. Menhart, Esq. *
14  * *Admitted Pro Hac Vice*

15
    /s/ William Skinner
16  William Skinner, Esq.
    *Attorney to be Noticed*
17

18  Attorneys for Plaintiff

19
                        CERTIFICATE OF SERVICE
20
        I hereby certify that a copy of the foregoing was filed via ECF and all parties of
    record were automatically notified via that system.
21

22  /s/ Eric J. Menhart
    Eric J. Menhart, Esq.

23

24

25